

**FILED**

**NOV 0 2 2010**

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

|  |  |  |
|---|---|---|
| MICHAEL E. SPREADBURY, | ) | CV 10-49-M-DWM-JCL |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| CHRIS HOFFMAN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

Plaintiff Spreadbury, proceeding pro se in this action, has filed an Amended

Complaint alleging a range of state and federal claims against government actors

and others. Spreadbury's Amended Complaint consists of 47 counts, most of

which allege deprivation of rights under state and federal law stemming from a

series of incidents in Ravalli County.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary

-1-

screening of the Amended Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Amended Complaint because the federal allegations fail to state a claim, or because the named Defendants in the federal allegations are immune from suit. Having recommended dismissal of all federal claims, Judge Lynch also recommends that the Court decline to exercise supplemental jurisdiction over the state law claims.

Plaintiff Spreadbury timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Spreadbury lists 32 numbered objections to Judge Lynch's Findings and Recommendations, but fails in most instances to support those objections with argument or citation to legal authority. The objections are grouped into seven categories for discussion.

**Legal Declarations Lacking Supporting Authority** – In his numbered points 4-7, 11, 12, 16, 17, 20-22, 25, and 28-31, Spreadbury offers nothing more than unsupported declarative legal statements. Many of these statements, if accurate, would undermine Judge Lynch's conclusions, but Spreadbury has failed

to confront Judge Lynch's analysis with legal authority and reasoning explaining why this Court should reach a different result. Spreadbury's bare assertions that he is entitled to relief do not suffice.

**Irrelevant Factual Disputes** – In points 1-3, 8, 10, 18, 19, 23, and 24, Spreadbury makes factual statements that have no bearing on the legal analysis set forth in Judge Lynch's Findings and Recommendations. For example, Spreadbury asserts that he was not arrested on August 16, 2007, but rather that he turned himself in.[1] Even if true, the claim does nothing to undermine Judge Lynch's conclusion that Spreadbury has not alleged a Fourth Amendment violation associated with his arrest. Spreadbury's characterizations of Officer Weston's conduct likewise are irrelevant to the magistrate's legal conclusion that Spreadbury has not alleged a viable equal protection claim. Because these objections do not confront the legal bases for Judge Lynch's conclusions, they are unpersuasive.

**Law Student Practice** – Spreadbury makes several claims related to his contention that Angela Wetzsteon, then a law student working as an intern in the Ravalli County Attorney's Office, appeared unsupervised at his trial on August 8, 2007. Judge Lynch explained that under the functional approach adopted by the

---

[1] This claim is contrary to the allegations in Spreadbury's Amended Complaint, where he states he was arrested when stopped by five sheriff's vehicles on Highway 93. See Doc. No. 5 at 10-11.

Supreme Court, a legal intern has absolute prosecutorial immunity while

performing functions that are associated with the judicial phase of the criminal

process and performed in her role as an advocate for the state. Doc. No. 6 at 13.

Spreadbury's focus on Wetzsteon's status as a legal intern therefore misses the

point of Judge Lynch's analysis. Any objection must confront the immunity issue,

which Spreadbury fails to do.

The Court has also considered Spreadbury's conflict argument, and rejects

it. While it is true that Wetzsteon worked as an intern in Judge Lynch's chambers

several years ago, that fact alone does not create a conflict of interest requiring

recusal. Spreadbury has not identified a basis for disqualification under 28 U.S.C.

§ 455.

**Miscellaneous Objections** – Spreadbury objects that the bench warrant

issued following his failure to appear at trial was not based on probable cause

because his conduct giving rise to the underlying offense was justified under the

circumstances. Spreadbury's ultimate guilt or innocence on the underlying charge

has no bearing on the ability of a justice of the peace to issue a warrant based on

probable cause. Moreover, as Judge Lynch explained, Justice of the Peace James

Bailey is entitled to judicial immunity.

Spreadbury alleges a First Amendment violation arising from Defendant

Regina Plettenberg's refusal to file Spreadbury's petition to recall Defendants

-4-

Corn and Hoffman. Judge Lynch explained that Spreadbury has no First Amendment claim because he does not allege that Plettenberg interfered with Spreadbury's state law remedy to seek a writ of mandamus under Mont Code Ann. § 2-16-615(2). Spreadbury objects that § 2-16-615(2) deals with refusal to accept a complete petition, while his claim is that Plettenberg refused to accept his blank petition. He claims state law requires the clerk to "check for form and return to petitioner." Doc. No. 7 at 4. This is an apparent reference to Mont. Code Ann. § 2-16-617(3), which requires that a sample circulation sheet for signatures be submitted to the clerk for review and approval prior to circulation. While the Montana Recall Act has a mandamus provision allowing a petitioner to challenge a clerk's refusal to accept a complete petition bearing the requisite number of signatures, the statute appears not to contain a similar avenue of redress for a petitioner whose sample circulation sheet is rejected prior to circulation. Nonetheless, a petition for a writ of mandamus is a viable option for challenging the clerk's pre-circulation rejection of a recall petition. See Steadman v. Halland (1982), 197 Mont. 45. Because Spreadbury has not alleged interference with that remedy, he has failed to state a First Amendment claim.

In his final numbered objection, Spreadbury claims that this Court's failure to act with sufficient haste on his Amended Complaint has resulted in him being charged with another crime in Ravalli County. Spreadbury offers no support for

this claim, nor does he attempt to show why the Court should not follow Judge

Lynch's recommendation to abstain under <u>Younger v. Harris</u>, 401 U.S. 37, 43-45

(1971).

Having considered Spreadbury's objections, and upon de novo review, I

adopt Judge Lynch's Findings and Recommendations (Doc. No. 6) in full.

Accordingly, IT IS HEREBY ORDERED that the federal claims in the

Amended Complaint (Counts 4, 5, 7, 8, 9, 16, 17, 20, 23, 26, 38, 39, 41, 44, 45,

and 46) are DISMISSED, and the state law claims are DISMISSED without

prejudice. The Clerk of Court is directed to enter judgment in accordance with

this Order.

DATED this 2nd day of November, 2010.

Donald W. Molloy, District Judge
United States District Court

-6-